# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROME J. CASIMIR a/k/a JEROME J. DUMAS and BETTY J. DUMAS, ) ) ) Plaintiffs, ) ) v. ) ) CITY OF CHICAGO *et al.*, ) ) Defendants. ) | Case No. 15 C 3771 Judge Joan B. Gottschall |

## MEMORANDUM AND ORDER

Before the court is defendants' motion to dismiss the *pro se* plaintiffs' second amended complaint with prejudice for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

## I. BACKGROUND

### A. Procedural History

Having received leave under 28 U.S.C. § 1915(a) to proceed without paying the filing fee, Jerome J. Casimir ("Casimir"), who represents himself, commenced this civil action by filing his complaint on April 29, 2015. (Dkt. 1, 6.) Casimir moved for leave to amend his complaint and add Betty J. Dumas ("Dumas") as a plaintiff before defendants responded to the original complaint. (Dkt. 16, 17.) The court granted his request. (Dkt. 22).

Like the original complaint, plaintiffs' first amended complaint had four counts: Count One, § 1983 claim for "malicious harassment"; Count Two, § 1983 claim for "due process"; Count Three, claim for indemnity against the City of Chicago; and Count Four, "state law claim for respondeat superior." Defendants moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

1

granted. The court granted that motion and dismissed the first amended complaint on February 16, 2016. (Dkt. 32.) The court, however, granted plaintiffs leave to amend Count One. (*Id.* at 1, 6.) The court dismissed Count One for failure to comply with the pleading standard of Federal Rule of Civil Procedure 8(a)(2):

> Plaintiffs make a claim for "malicious harassment" based on the false issuance of the ticket; a secret investigation (not described); surrounding plaintiffs' residence with police; forcing one of the plaintiffs to move and ruining his credit and reputation, and "remov[ing] government records like fire reports to cover corruption and assist crime because people be [sic] afraid on the street." Apart, however, from the detailed allegations about the baseless ticket, none of these allegations are described, and the court is unable to fulfill its function of making sure that the allegations are plausible and that the allegations give the defendants sufficient notice of what plaintiffs are complaining about. Plaintiffs' amended complaint contains little in the way of facts and lots in the way of useless legal boilerplate and legal conclusions. Plaintiffs also fail to provide any facts justifying their claim for $500,000 in damages.

(Order 4, Feb. 16, 2016, Dkt. 32.)

After receiving an extension of their deadline to amend, plaintiffs filed their second amended complaint (Dkt. 40), which is now before the court. Count One is now titled "malicious harassment claim and illegal search." (2d Am. Compl. 2.) And plaintiffs replead their state law indemnity and respondeat superior claims as Counts Two and Three respectively.

**B. Facts**

The following factual summary comes from the second amended complaint. For purposes of deciding the Rule 12(b)(6) motion that is before the court, the court treats all the well-pleaded allegations in the complaint as true and draws all reasonable inferences in

plaintiffs' favor. *Manistee Apts., LLC v. City of Chicago*, 844 F.3d 630, 633 (7th Cir. 2016); *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016).

Most of the allegations in the complaint stem from an interaction with police that occurred on July 22, 2014, but the plaintiffs describe a separate incident in their second amended complaint that occurred approximately one week earlier. (*See* 2d Am. Compl. ¶ 8.) In that earlier incident, two Chicago police officers stopped the plaintiffs without probable cause, made them stand with their hands on a car, and ran "their hands all over [the plaintiffs]." (*Id.*) The officers covered their badges. (*Id.*) They searched Casimir's book bag and Dumas' purse before telling them that they could leave. (*Id.*)

About a week later, on July 22, 2014, the plaintiffs stopped at a bus stop to fix a wheel that had broken on one of the suitcases they were pulling. (*Id.* ¶ 5.) An unmarked police car pulled up next to them and two Chicago police officers got out, covering their badges. (*Id.*) At least one of the officers yelled, "You drinking [sic], I see a beer on the ground don't you lie to me because I can take both of you down." (*Id.*) The officers searched Casimir's pockets. (*Id.* ¶ 6.) Dumas initially refused to show the officers her identification when they asked for it, but she relented because Casimir told her that they would have to go to the police station if she did not. (*Id.*)

The officers forged Casimir and Dumas' signatures[1] on tickets that falsely accused them of drinking a Coors beer. (*Id.* ¶ 3, 4.) Plaintiffs first learned of the tickets when they received a default administrative order on or around September 18, 2014. (*Id.* ¶ 4.) The Circuit Court of Cook County may have dismissed the tickets as "unfounded and frivolous" on an unspecified later date. (*Id.* ¶ 19.)

---

[1] The second amended complaint does not make entirely clear to whom the tickets were issued. Paragraphs three and four allege that plaintiffs' signatures were forged, but paragraph nineteen of the complaint can be read as alleging that the Cook County Circuit Court dismissed "tickets against Betty J. Dumas."

3

The "Police Accountability Task Force, tasked by Mayor Rahm Emanuel, indicates 72% of people stopped by Chicago police were black." (*Id.* ¶ 11; *see also id.* Ex. A (copy of report attached to complaint).) The second amended complaint goes on to allege that the defendants acted maliciously.

## II. RULE 12(b)(6) STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)); *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016) (quoting *Twombly*, *supra*). A complaint satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56; *see also Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) ("[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together."). When deciding a motion to dismiss under Rule 12(b)(6), the court takes all facts alleged by the plaintiff as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Katz-Crank*, 843 F.3d at 646 (citing *Iqbal*, 556 U.S. at 662, 663); *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## III. THE CHICAGO POLICE DEPARTMENT IS DISMISSED

The Chicago Police Department is dismissed as a defendant because it is not a suable entity. Plaintiffs leave this issue to the court to decide in their response. "The Chicago Police

Department does not enjoy a legal existence independent of the City of Chicago and cannot be sued as a separate entity." *Bonds v. City of Chicago*, No. 16 C 5112, 2017 WL 698680, at *1 n.1 (N.D. Ill. Feb. 22, 2017) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) *and Sabovcik v. Castillo*, No. 2:08-CV-279RM, 2009 WL 1285889, at *2 (N.D. Ind. May 5, 2009)); *accord.*, *e.g.*, *Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) ("The Police Department is not a suable entity, but merely a department of the City of Chicago which does not have a separate legal existence." (citing *Jordan v. City of Chicago, Dep't of Police*, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980) (other citations omitted)). As such, plaintiffs' claims against the Chicago Police Department must be dismissed. *See Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (holding that when the Chicago Police Department is named as a defendant, the proper remedy is to dismiss it as a party).

## IV. "MALICIOUS HARASSMENT AND ILLEGAL SEARCH" (COUNT ONE)

Under 42 U.S.C. § 1983, a plaintiff can sue if: "(1) there has been a violation of constitutional or other federal rights and (2) those rights were violated by a person acting under color of state law." *Narducci v. Vill. of Bellwood*, 444 F. Supp. 2d 924, 929 (N.D. Ill. 2006) (citing *Hanania v. Loren–Maltese*, 212 F.3d 353, 356 (7th Cir. 2000)); *accord. Racine Charter One, Inc. v. Racine Unified Sch. Dist.*, 424 F.3d 677, 680 (7th Cir. 2005). Defendants read Count One as pleading claims falling into two categories.

**A. The Fourth Amendment Allegations Can Be Reconciled With the Prior Complaints**

Defendants do not contend that the second amended complaint fails to state a Fourth Amendment violation stemming from either the July 22, 2014, incident or the incident that occurred approximately one week earlier. Instead, they argue that the new facts and theories

pleaded in the second amended complaint are "entirely inconsistent" with the allegations in the original and first amended complaints. (Mot. to Dismiss 6.)

"Generally, a case should not be dismissed because of inconsistencies between the original and the amended complaint unless the circumstances are such that the court is required to fall back on the original complaint in the interest of justice." *Whitehouse v. Piazza*, 397 F. Supp. 2d 935, 941 (N.D. Ill. 2005) (citing *Wallace v. N.Y. Dep't of Corr.*, No. 95 CV 4404, 1996 WL 586797, *2 (E.D.N.Y. Oct. 9, 1996)). Plaintiffs often plead new facts and legal theories in an amended complaint in an effort to cure deficiencies identified in a ruling on a motion to dismiss a prior complaint. *See, e.g.*, *United States ex rel. Ivanich v. Bhatt*, No. 13 C 4241, 2015 WL 249413, at *2 (N.D. Ill. Jan. 20, 2015) (finding that "the new facts asserted in Ivanich's amended complaint do not remedy the pleading deficiencies identified in [the plaintiff's] original complaint"); *In re Bally Mfg. Secs. Litig.*, 144 F.R.D. 78, 80 (N.D. Ill. 1992) (considering whether the plaintiffs "allege sufficient new facts to cure the deficiencies in its original amended complaint"); *see also Villa v. City of Chicago*, 924 F.2d 629, 631 (7th Cir. 1991) (affirming denial of motion to amend complaint in part because the new complaint presented no "new facts"); *Katris v. City of Waukegan*, 498 F. Supp. 48, 50 (N.D. Ill. 1980) (holding newly added count in amended complaint survived Rule 12(b)(6) motion); *Gunter v. Vill. of Gilberts*, No. 91 C 3389, 1993 WL 75095, at *1 (N.D. Ill. Mar. 15, 1993) (considering sufficiency of court-ordered affidavit of new facts the plaintiff would include in a proposed amended complaint). Indeed, permitting inconsistencies within a complaint or among complaints to defeat an otherwise sufficient amended complaint "would defeat the purpose of allowing a plaintiff to amend; frustrate Rule 12(b)(6)'s requirement that all factual allegations be accepted as true; and

complicate Rule 8(a)'s requirement that the pleadings only have to provide fair notice of the basis for plaintiff's claims." *Whitehouse*, 397 F. Supp. 2d at 941.

The second amended complaint filed in this case can be reconciled with the prior complaints. *See id.* ("While the original and amended complaints in this case could be read to [imply] inconsistent factual statements, that is not dispositive. Several key facts remain consistent between the complaints . . . ."). Defendants point to the following allegation in the first amended complaint concerning the July 22, 2014, incident as conflicting with the second amended complaint: Dumas "refused to allow [the officers] to see her ID but was advised by [her] husband to allow it so they would not have to go to the police station." (1st Am. Compl. ¶ 7, Dkt. 24; *see also id.* ¶ 9.) That allegation, according to defendants, is a judicial admission that Dumas consented to the officers' searching her. The second amended complaint contains substantially the same allegation, however. (Dkt. 40 ¶6 ("Betty refused to allow them to see her ID; [h]owever, Casimir told Betty to allow them to see her ID so we would not have to go to the police station.").) The allegation that the officers searched Casimir's pockets appears for the first time in the second amended complaint (*see id.*), but none of the complaints filed so far in this action specify where either plaintiff kept whatever was produced as identification. Because the reasonable inference could be drawn that plaintiffs had their identification documents in, say, the suitcases that were with them, Casimir's allegations that the officer searched his pockets does not present an irreconcilable conflict with his prior complaints. Indeed, even if his identification documents were in his pockets, nothing in any of the complaints precludes the reasonable inference (which the court must draw in plaintiffs' favor at this stage) that the officer searched Casimir's pockets anyway after he produced identification. Because plaintiffs' complaints can

7

be reconciled as to the Fourth Amendment claims pleaded in the second amended complaint, defendants' request to dismiss those claims is denied.

**B. The Second Amended Complaint Includes an Equal Protection Claim**

Next, defendants argue that Count One must be dismissed to the extent that it seeks to impose § 1983 liability for verbal harassment that does not rise to the level of a constitutional violation. Defendants cite *Kohlman v. Village Of Midlothian*, 833 F. Supp. 2d 922, 939-40 (N.D. Ill. 2011), The court in *Kohlman* dismissed the § 1983 claims of two members of the Hells Angels motorcycle club against the mayor of the Village of Midlothian, its police chief, and one of its police officers, stating that "there is no constitutional right to be free from harassment by state officials." *Id.* at 940 (citations omitted). Aside from the fact that the *Kohlman* court expressly stated that it did not "need [to] reach" the issue, it was not applying the Fourteenth Amendment's Equal Protection Clause in a challenge to racially motivated disparate treatment. *See id.* at 939–40.

Here, plaintiffs' second amended complaint expressly brings an Equal Protection claim. (Dkt. 40 ¶ 1 ("City of Chicago by and through its Police Department and (above named defendants) conspired to deprive plaintiff directly and indirectly of equal protection and privileges of the law").) Viewed in a light favorable to plaintiffs, the second amended complaint also links the two stop-and-frisk incidents to Chicago police department policy, as well as evidence that 72% of people stopped by them were African American. (*See id.* ¶¶ 2, 11.) Defendants do not conduct an Equal Protection analysis in the instant motion. And the briefing and second amended complaint do not otherwise adequately develop the issues potentially raised by the plaintiffs' Equal Protection claims. *See, e.g.*, *Smith v. City of Chicago*, 143 F. Supp. 3d 741, 755–56 (N.D. Ill. 2015) (denying motion to dismiss the Equal Protection claims of thirty-

8

three "[p]laintiffs [who] alleged they are all African-American or Hispanic men who live in or visit minority neighborhoods where Chicago police officers target them and conduct suspicionless stops and frisks based on their race and/or national origin pursuant to the City's unconstitutional practice"). Rather than contrive arguments on this score, the court denies the motion to dismiss the plaintiffs' Equal Protection claims.

**V. INDEMNITY AND RESPONDEAT SUPERIOR COUNTS (COUNTS TWO AND THREE)**

The second amended complaint contains three counts, even though the court granted the plaintiffs leave only to replead Count One. To the extent Counts Two and Three are related to plaintiffs' § 1983 claim, the court strikes them because leave of court is required to amend a complaint. *See* Fed. R. Civ. P. 15(a)(2); *Jones v. United Airlines*, No. 11 C 6374, 2012 WL 6216741, at *9 (N.D. Ill. Dec. 13, 2012) (collecting cases striking under Rule 15(a) in this district, striking amended complaint filed without leave, and stating that "plaintiff's failure to ask leave to amend is sufficient reason to grant defendant's motion to strike"); *Videojet Systems Int'l, Inc. v. Inkjet, Inc.*, No. 95 C 7016, 1997 WL 124259, at *6 (N.D. Ill. Mar. 17, 1997) (striking affirmative defense in amended pleading because party did not obtain leave of court as Rule 15(a) requires). But to the extent Counts Two and Three relate to plaintiffs' newly pleaded state law claims, the court retroactively grants plaintiffs leave to plead them. *See* Fed. R. Civ. P. 15(a)(2).

Defendants argue in their motion to dismiss that "plaintiffs' Amended Complaint does not allege any state law claims." (Mot. to Dismiss 7, Dkt. 43.) Therefore, continue defendants, the indemnity and respondeat superior counts should be dismissed.

Plaintiffs, however, have pleaded new state law claims in Count One. In addition to a Fourth Amendment claim, plaintiffs repeatedly accuse defendants of "malicious prosecution" in

9

Count One. (*E.g.*, 2d Am. Compl. ¶ 12, ¶¶ 15–18, 20–22 ("The prosecution of this action against plaintiff was malicious and brought without any cause to believe that a crime or any other cause of action had been committed.").) Plaintiffs also plead that defendants violated unspecified provisions of the Illinois constitution. (*See id.* ¶¶ 23, 27.) Defendants may be relying on the lack of a separate heading for these claims, but "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (citations omitted). The order dismissing plaintiffs' first amended complaint expressly stated that the respondeat superior count was dismissed because no state law claims were pleaded, adding that "[i]f plaintiffs bring a state malicious prosecution claim, the doctrine of respondeat superior may apply." (Dkt. 32 at 5–6.) Particularly in light of that statement, plaintiffs' intent to add Illinois constitutional and malicious prosecution claims in their second amended complaint is clear enough for a pleading filed without counsel's assistance. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Defendants attack neither state law theory in the instant motion, and the court will not invent arguments for them. Accordingly, the court does not pass upon the sufficiency of any of the plaintiffs' Illinois law claims. *See Erickson*, 551 U.S. at 94–95 ("Whether petitioner's complaint is sufficient in all respects is a matter yet to be determined, for respondents raised multiple arguments in their motion to dismiss.").

## VI. CONCLUSION

Defendants' motion to dismiss (Dkt. 43) is granted in part and denied in part. In their second amended complaint, plaintiffs state a Fourth Amendment claim for which relief can be

granted. They also bring Equal Protection claims, malicious prosecution claims, and Illinois constitutional claims. To be clear, plaintiffs' respondeat superior allegations are stricken insofar as they pertain to plaintiffs' § 1983 claims, but plaintiffs are granted leave to plead respondeat superior and indemnity claims related to their state law claims. Additionally, the Chicago Police Department is dismissed as a party.

Because plaintiffs' complaint states § 1983 claims for which relief can be granted, the court exercises its discretion to recruit counsel to represent plaintiffs. A status conference is set for April 7, 2017, at 9:30 a.m.

Date: March 7, 2017                                         /s/
                                                    Joan B. Gottschall
                                                    United States District Judge